# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                        Case No. 07-31044-DHW
                                             Chapter 7
COLBERT F. CLARK,

          Debtor.

J. LES ALEXANDER, III, Trustee,
and GENERAL ELECTRIC CAPITAL
CORPORATION,

          Plaintiffs,

v.                                           Adv. Proc. No. 07-3026-DHW

COLBERT F. CLARK and
LAURA J. CLARK,

          Defendants.

## MEMORANDUM OPINION

General Electric Capital Corporation ("GECC") commenced this action in state court in September 2006 to avoid as fraudulent conveyances of real property in Alabama and Florida made by the debtor Colbert Clark to his wife, Laura Clark. After the debtor filed a petition under chapter 7 in July 2007, the action was removed to the bankruptcy court, and the chapter 7 trustee was joined as a co-plaintiff.[1]

Colbert Clark filed a motion for summary judgment with regard to the Alabama property. Laura Clark filed a motion for summary judgment with regard to both properties. The motions were taken under advisement

_____

[1] The co-plaintiffs have reached an agreement regarding the sharing of a recovery, if any, from this adversary proceeding. The agreement was approved by the court.

following a hearing. Upon consideration of the pleadings, briefs and arguments of counsel, and the verified materials of record, the court concludes that Laura Clark's motion is due to granted as to the constructive fraud count relating to the Florida property, and the balance of the both motions are due to be denied.

## Jurisdiction

This court's jurisdiction in this proceeding is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. See General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because this is a core proceeding under 28 U.S.C. § 157(b)(2)(H), this court's jurisdiction is extended to the entry of a final order or judgment.

## Alabama Residence

1. Facts

In March, 2001, the debtor and his wife purchased real property located at 123 Girard Avenue, Dothan, Alabama for $385,000. Of that amount, the Clarks paid in excess of $110,000 and secured a loan of $275,000. In connection with the transaction, the house was appraised at $393,000 despite a tax appraisal of only $262,500.

The Clarks then embarked on a major renovation and expansion of the residence. Between August 2002 and May 2003, payments to a single contractor totaled $324,206. In October 2003, the house was appraised for tax purposes at $684,200. The house was refinanced on October 10, 2003.

The debtor had executed a deed conveying his undivided one-half interest in the property to his wife in December, 2002. The deed was not recorded. The debtor executed a second deed on October 21, 2003 that was recorded on October 29, 2003. No consideration was paid at the time

2

of either transfer.

On March 5, 2004, Great American Insurance Company ("GAIC") recorded a judgment against the debtor in the amount of $5,952,924.35. On October 22, 2004, De Lage Landen Financial Services filed an action to avoid the transfer of the Dothan residence as fraudulent. GAIC, a prior lienholder, was substituted for De Lage Landen as plaintiff in the fraudulent conveyance action.[2]

The action was resolved with a consent order in July 2005 without admission that the transfer was fraudulent. Laura Clark paid GAIC $170,000 to settle the action. In February 2006, Laura Clark transferred the Dothan residence to a third party for in excess of $1 million.

GECC obtained a judgment against the debtor in the amount of $600,000 in November 2005 and recorded the judgment on May 14, 2007. The judgment was based on loans to the debtor's company, Clark Crane, L.L.C., in 2001 and 2002 that the debtor guaranteed. The L.L.C. ceased business by October 2003 due to financial troubles. The debtor filed a petition under chapter 7 on July 11, 2007.

2. Contentions

The trustee and GECC contend that the transfer is due to be set aside as fraudulent under the legal theories of both actual and constructive fraud. The trustee contends that the property was worth at least $684,200 at the time of the transfer and that Laura Clark did not pay reasonably equivalent value in exchange.

Laura Clark contends that she paid more than reasonably equivalent value for her husband's interest in the property and that the value of his interest did not exceed $200,000. Although she did not pay her husband

---

[2] GAIC recorded its $5.9 million judgment in March 2004; De Lage Landen Financial Services recorded its $1.6 million judgment in September 2004.

3

directly, she made most of the pre-transfer mortgage payments from her own funds. She also paid for several hundred thousand dollars worth of renovations to the property around the time of the transfer and afterwards. Between 2002 and 2005, she invested around $800,000 of her own funds into the property. Further the debtor states that the property was encumbered by a mortgage "on the date of the initial transfer." *Debtor's Brief*, Doc. #52, p. 2.

The debtor contends that this action is barred by the doctrine of *res judicata* in that the issue of the fraudulent conveyance of this property has already been litigated in state court and resolved by a final judgment.

Alabama Fraudulent Transfer Act

Under Alabama law, a transfer may be fraudulent because it was made with the "actual intent to hinder, delay, or defraud any creditor of the debtor." *Ala. Code* § 8-9A-4(a). To determine actual intent, the statute provides a non-exhaustive list of factors for consideration:

> (B) In determining actual intent under subsection (a), consideration may be given, among other factors, to whether:
> (1) The transfer was to an insider;
> (2) The debtor retained possession or control of the property transferred after the transfer;
> (3) The transfer was disclosed or concealed;
> (4) Before the transfer was made the debtor had been sued or threatened with suit;
> (5) The transfer was of substantially all of the debtor's assets;
> (6) The debtor absconded;
> (7) The debtor removed or concealed assets;
> (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;
> (9) The debtor was insolvent or became insolvent

4

shortly after the transfer was made;

(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Ala. Code* § 8-9A-4(b). In addition, a transfer may be fraudulent if the "debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor:"

(1) Was engaged or was about to engage in a business or a transaction for which the the [sic] remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

*Ala. Code* § 8-9A-4(c)(1) and (2).

Summary Judgment Standard

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).

The party moving for summary judgment "bears the burden of proving that no genuine issue of material fact exists." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). Once met, the burden shifts to the non-movant to "show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." Id. at 1224-25.

Under Alabama law, a conveyance between a husband and wife "must be subjected to closer scrutiny." *S. Slag Products. Co. v. Thomas*, 413 So.2d 1073, 1076 (Ala. 1982). In addition,

> when a husband conveys certain property to his wife and that conveyance is attacked as a fraud on the husband's existing creditors, the wife bears the burden of proving that the conveyance was based upon a valuable consideration, substantial and not merely nominal. The wife is thus laden with the initial responsibility of proving the bona fide character of the underlying transaction.

*Id.* (citations omitted)*; see also Champion v. Locklear*, 523 So.2d 336 (Ala. 1988).

## Conclusions of Law

It is undisputed that Laura Clark paid no consideration for the transfer of the Dothan property at the time the transfer was made. The Clarks contend that at the time of the transfer the property was worth only $400,000, but the trustee contends that the property was worth at least $684,200. There is a genuine issue of material fact regarding the value of

6

the property at the time the transfer was made. Therefore, there is necessarily a genuine issue of material fact regarding whether Laura Clark paid the reasonably equivalent value of the property.

Laura Clark argues that she paid more than the reasonably equivalent value for the property because she paid mortgage payments and renovation expenses for the property both before and after the transfer was made. However, the only payments and expenses relevant to this inquiry are those made before the transfer of the property.

Laura Clark may be able to prove that her pre-transfer contributions should be considered in determining whether she paid reasonably equivalent value:

> In order to meet the requisite burden of proof, the grantee/spouse is not limited to showing that the consideration that actually passed was sufficient, but may also present evidence of circumstances, salaries, financial contributions from other sources and relevant matters tending to prove that the ownership which was transferred was supported by adequate.

*Champion v. Locklear*, 523 So. 2d 336, 338 (1988) (quoting *S. Slag*, 413 So.2d at 1076). However, this issue is not appropriate for summary judgment because the determination cannot be made without reference to the overall financial circumstances of the debtor and his wife.

To the extent Laura Clark is contending that the $170,000 that she paid to GAIC in settlement of the fraudulent conveyance action contributes toward her payment of reasonably equivalent value, she is in error because this payment was made well after the fact. It was not made "in exchange" for the transfer. *Ala. Code* § 8-9A-4(c). However, if the transfer of the Dothan property is set aside, Laura Clark could assert a credit for the $170,000 paid to GAIC. *See Ala. Code* § 8-9A-8(d).

7

In addition, a genuine issue of material fact exists regarding the debtor's intent. Did he make the transfer with the "actual intent to hinder, delay, or defraud " any of his creditors? *Ala. Code* § 8-9A-4(a). Rarely will a debtor acknowledge that he made a transfer with actual intent to hinder, delay or defraud a creditor. Therefore, a court must consider the factors listed in the statute in making the determination.

"[S]ummary judgment is often not appropriate where intent is at issue." *Lewis-Webb v. Qualico Steel Co., Inc.,* 929 F. Supp. 385, 392 (M.D. Ala. 1996). "[S]ummary judgment is particularly difficult to determine in the context of fraudulent transfer actions based upon actual fraudulent intent because the questions are inherently fact based." *Kapila v. Espirito Santo Bank (In re Bankest Capital Corp.),* 374 B.R. 333, 346 (Bankr. S. D. Fla. 2007). Fraud "requires an examination of the relevant facts and circumstances." *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Weiss*, 410 F. Supp. 2d 1146, 1159 (M.D. Fla. 2006).

The debtor contends that the plaintiffs' claims are barred by the doctrine of *res judicata* because the issue of the fraudulent conveyance of the Dothan property has already been litigated and resolved by a final judgment. Under Alabama law,

> [t]he elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits.

*Dairyland Ins. Co. v. Jackson*, 566 So.2d 723, 725 (Ala. 1990). "If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation." *Id.*

The debtor contends that the state court fraudulent conveyance action which resulted in a consent judgment satisfies the four elements. The trustee contends that first and third elements have not been met.

8

Because the court concludes that the third element has not been met, a discussion of the first element is not necessary.

The trustee contends that the parties in the prior fraudulent conveyance are not substantially similar to those in the instant fraudulent conveyance action. Under Alabama law, complete identity of the parties is not required. *Id.* The element is met if the

> party against whom *res judicata* is asserted was either a party or in privity with a party to the prior action or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and the non-party is not so attenuated as to violate due process.

*Id.* at 725-726.

The trustee contends that he was not in privity with GAIC in the prior action and that his interests were not represented by GAIC. The trustee states that GAIC was "rightly concerned solely with its own claim" but that the trustee "represents all creditors of the estate." *Trustee's Brief*, Doc. #49, p. 14-15. The trustee notes that "other creditors were not given notice of the litigation nor of its proposed settlement." *Id.* at 15.

Laura Clark, on the other hand, contends that "[i]f a creditor has already litigated a fraudulent conveyance claim, a trustee will stand in the creditor's shoes in a subsequent bankruptcy proceeding involving the same property." *Laura Clark's Brief*, Doc. #40, p. 11. Laura Clark cites to *Smith v. Nelson (In re Satterfield)*, 90 B.R. 484, 488 (N.D. Ala. 1988) in support. *Satterfield* was reversed in part and vacated in part by *Smith v. Nelson*, 890 F.2d 1165 (11th Cir. 1989) with an unpublished decision. Only a Table notation exists in Westlaw.

However, this court is persuaded by the trustee's position and the ruling of the Eighth Circuit Court of Appeals in *Williams v. Marlar (In re Marlar)*, 267 F.3d 749 (8th Cir. 2001). In that case, a creditor named Davis

had been unsuccessful in attempting to set aside a fraudulent conveyance prepetition. Davis and two other creditors then filed an involuntary bankruptcy petition against the debtor, and the trustee filed an action to set aside the same transfer of property that had been the subject of the prior fraudulent conveyance action.

The Eighth Circuit noted that 11 U.S.C. § 544(b)(1) empowers a trustee to "avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim . . ." 11 U.S.C. § 544(b)(1). Therefore, to avoid the transfer, "the trustee must show that the transfer is voidable under state law by at least one unsecured creditor of the bankruptcy estate with an allowable claim." *Marlar*, 267 F.3d at 753. The Court ruled that "the fact that the transfer is not voidable by creditor Davis does not bar the trustee from relying on the rights of other unsecured creditors." *Id.* at 754. In so holding, the Court stated:

> [The debtor] broadly asserts that the trustee is in privity with Davis [the creditor in the prior unsuccessful fraudulent conveyance action] and therefore lacks standing to attack the transfer as fraudulent. However, the trustee represents all unsecured creditors of the bankruptcy estate. *See In re Fordu*, 201 F.3d 693, 705 (6th Cir. 1999). The plain language of § 544(b)(1) permits the trustee to avoid the transfer if *any* unsecured creditor has the right to do so under state law. Thus the fact that the transfer is not voidable by creditor Davis does not bar the trustee from relying on the rights of other unsecured creditors.

*Id.* at 754. This court agrees. The trustee represents all creditors of the estate and was not in privity with GAIC.

To the extent that *In re Satterfield* holds to the contrary, this court respectfully disagrees. The *Satterfield* court held that the trustee stood in the shoes of the creditor in the prior action. *Satterfield*, 90 B.R. at 488 n.8.

However, it does not necessarily follow that because a trustee may stand in the shoes of one creditor, one creditor may also stand in the shoes of a trustee. A trustee represents all creditors – not just one.

## Florida Townhouse

### 1. Facts

The debtor and his wife purchased a townhouse unit located at 4400 Kingfish Lane #321, Panama City, Florida, in or around 2002. Laura Clark paid for the townhouse with her separate funds, but the Clarks were listed as joint owners. In May 2003, the Clarks mortgaged the townhouse to GAIC as partial security for around $3.8 million in loans to the debtor. The property was obligated up to the amount of $450,000. A September 2003 appraisal fixed the value of the home at $287,500. This appraisal did not include the contents. The debtor defaulted on the loans, and GAIC brought an action in February 2004 to foreclose the interest of the Clarks in the townhouse.

In July 2004, the parties settled the action. Laura Clark paid GAIC $170,000 from her separate funds to release its mortgage, and the foreclosure action was dismissed. In connection with this settlement, the debtor executed a quitclaim deed of his interest in the property to Laura Clark. The Clarks assert that the townhouse was worth between $325,000 to $350,000. The townhouse was assessed at $317,000.

### 2. Contentions

Laura Clark contends that she paid reasonably equivalent value for the debtor's interest in the townhouse when she paid one-half of its approximate value to settle the foreclosure action with GAIC.

The trustee does not appear to contest the value of the property. The trustee states that the debtor "received nothing" and "apparently continued to enjoy use of the house." *Trustee's Brief*, Doc. #49, p. 4.

11

## Florida Law

Florida law recognizes both actual and constructive fraud:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . .

Fla. Stat. Ann. § 726.105(1) (2008). In material respects, the statute is similar the comparable statute in Alabama.

## Conclusions of Law

The court concludes that there are no genuine issues of material fact with regard to the transfer of the Florida townhouse. Laura Clark asserts that she paid reasonably equivalent value in exchange for the transfer of the debtor's interest in the property. She asserts that the value was between $325,000 and $350,000. The debtor's interest would therefore have been worth between 162,500 and $175,000, and she paid $170,000 to GAIC.

The trustee does not appear to challenge the value asserted by the Clarks. The trustee asserts that the payment was not made to the debtor but to GAIC. However, the payment resulted in a $170,000 reduction of his indebtedness to GAIC. Because Laura Clark was not liable on the note, the debtor alone received the benefit of the reduction. He deeded about $170,000 in value and received $170,000 in value in return – a dollar-for-dollar reduction in his liability on the note. Therefore, he received

12

reasonably equivalent value for his one-half interest in the property. This is a conclusive defense to constructive fraud.[3]

The trustee has also asserted actual fraud. As stated above, rarely will a debtor acknowledge that he made a transfer with actual intent to hinder, delay or defraud a creditor. Therefore, a court must consider the factors listed in the statute in making the determination. The inquiry is fact-intensive. Fraud "requires an examination of the relevant facts and circumstances." *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Weiss*, 410 F. Supp. 2d 1146, 1159 (M.D. Fla. 2006).

To defend against actual fraud, Laura Clark must show that she took the property not only for a reasonably equivalent value but also in good faith. Fla. Stat. Ann. § 726.109(1) (2008). Good faith is a fact-bound determination similar to intent that must be proved by inference from circumstantial evidence. Moreover, in the instant case, the issues of Laura's good faith and of the debtor's "actual intent" may be intertwined because of the relationship of the parties as husband and wife. The court concludes that these issues are not appropriate for summary judgment in this case.[4] Therefore, Laura Clark's motion for summary judgment with regard to the Florida property is due to be granted with respect to the count of constructive fraud.

Conclusion

For the above reasons, the court concludes that the debtor's and Laura Clark's motions with regard to the Alabama property are due to be

---

[3] The trustee has not adduced any evidence tending to show the value of the furniture and furnishings. Therefore, there is nothing tending to show that $170,000 did not provide reasonably equivalent value for both the townhouse and its furnishings.

[4] However, the court notes that absent additional evidence, the fact that a transferee pays the value of an item transferred is strong evidence within itself that the transferee acted in good faith.

13

denied. Laura Clark's motion with regard to the Florida property is due to be denied with respect to the count of actual fraud but granted with respect to the count of constructive fraud.

Done this 2nd day of October, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Trustee
Daniel D. Sparks, Attorney for GECC
Charles K. Hamilton, Attorney for Laura Clark
C. H. Espy, Attorney for Debtor